**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

JOHN BUEHLER,

Estate Plaintiff,

v.

MIROSLAV KISILYUK, et al.,

Defendants.

CASE NO. 3:25-CV-27-SJF

**OPINION and ORDER**

Before the Court are Defendants' Motion for Summary Judgment [DE 19] and Plaintiff's Motion to Strike [DE 25]. For the reasons below, summary judgment is denied.

## I. INTRODUCTION

On January 26, 2024, John Buehler and Defendant Miroslav Kisilyuk were involved in an automobile collision. [*See* DE 24 at 1]. Mr. Buehler then sued Mr. Kisilyuk, and his employers, Tryzub Trucking, Inc., and RUD, Inc in the Laporte County Superior Court. [DE 6]. Mr. Buehler's complaint alleges that Defendant Kisilyuk was negligent for: (1) failing to keep a proper lookout; (2) failing to maintain reasonable care and control while operating a vehicle; and (3) driving at an unsafe speed. [DE 6 at 1]. In response, Defendants raised the affirmative defense of comparative fault. [DE 7 at 3].

On January 10, 2025, Defendants removed the case to this Court, and the parties subsequently consented to the jurisdiction of the undersigned magistrate judge under

28 U.S.C. § 636(c). [*See* DE 1; DE 11]. Mr. Buehler later passed away, and his Estate was opened on June 26, 2025. His Estate was then substituted as the Plaintiff. [DE 18].

On December 4, 2025, Defendants moved for summary judgment. [DE 19]. Plaintiff responded, [DE 23], and Defendants replied. [DE 27]. Plaintiff filed a Motion to Strike along with their summary judgment response. [DE 25]. Defendants responded to the Motion to Strike, [DE 28], and Plaintiff's time to reply has passed. N.D. Ind. L.R. 7-1(d)(3)(B). Both motions are now ripe for ruling.

## II. PROCEDURAL MATTERS

The Court begins by addressing procedural deficiencies with the parties' filings. Under this Court's local rules,[1] a party moving for summary judgment must separately file: (1) a motion; (2) a supporting brief; and (3) a Statement of Material Facts with numbered paragraphs for each material fact the moving party contends is undisputed, which includes (A) a short statement of each fact; and (B) a citation to evidence supporting each fact. *See* N.D. Ind. L.R. 56-1(a). Defendants filed a motion and a supporting brief, but failed to separately file a statement of material facts with numbered paragraphs as required by N.D. Ind. L.R. 56-1(a)(3). Instead, Defendants included their Statement of Material Facts in their supporting brief, [*see* DE 20 at 1-3], and drafted the Statement of Material facts in narrative form, without using numbered paragraphs for each material fact. N.D. Ind. L.R. 56-1(a)(3).

[1] The applicable rules became effective on February 25, 2022, nearly three years before this case was removed to this district.

The Court could strike Defendants' motion for their noncompliance. Indeed, "district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings." *Stevo v. Frasor*, 662 F.3d 880, 887 (7th Cir. 2011). Plaintiff, however, timely responded on January 16, 2026, and did not object to Defendants' procedural misstep.[2] Plaintiff also filed both its response brief and a separate Response to Defendants' Statement of Material Fact Section in compliance with N.D. Ind. L.R. 56-1(b)(2)—putting each of the facts stated by Defendants into separately numbered paragraphs and including its response following each paragraph. As Plaintiff effectively rectified the deficiency, the Court will overlook Defendants' procedural misstep. *See Stevo,* 662 F.3d at 887 (stating, "it is clear that the decision whether to apply the rule strictly or to overlook any transgression is one left to the district court's discretion") (citation omitted).

Plaintiff also filed a Motion to Strike in response to Defendants' Motion for Summary Judgment. But the Court's local rules explicitly state that "[d]isputes about the admissibility or materiality of evidence must be raised in the parties' briefs. A separate motion to strike must not be filed." N.D. Ind. L.R. 56-1(f). The Court would thus be within its authority to summarily deny Plaintiff's Motion to Strike for failure to

---

[2] In response, a party opposing summary judgment must then separately file: (1) a response brief and (2) a Response to Statement of Material Facts that (A) restates verbatim the Statement of Facts, (B) includes a correspondingly numbered response immediately following each paragraph of the Statement of Facts, (C) a cites to evidence supporting each dispute of fact, and (D) includes additional facts in a section titled Additional Material Facts with numbered paragraphs continuing the sequential numbering of the Statement of Material Facts for each additional material fact the opposing party contends is undisputed which includes both (i) a short statement of each fact, and (ii) a citation to evidence supporting each fact. *See* N.D. Ind. L.R. 56-1(b).

comply with the local rules. Still, though Defendants oppose the substantive relief sought by Plaintiff in this motion, Defendants did not object to its procedural fault. Given Defendants' lack of objection on this ground, as well as the Court's excusal of Defendants' own procedural missteps in their summary judgment motion, the Court will also consider Plaintiff's motion to strike.

## III. Motion to Strike

Plaintiff's Motion to Strike challenges the admission of the crash report and opinions rendered by the officer who responded to the accident. As discussed in Section III(a) *infra*, after John Buehler and Defendant Kisilyuk were involved in the accident, Officer Justin Phillips of the LaPorte County Sheriff's Department responded to the crash scene. [*See* DE 24 at 2]. Officer Phillips purportedly spoke to both drivers involved, John Buehler and Defendant Kisilyuk, and completed a standard crash report. [*See* DE 20-1 at 49 ("Indiana Officer's Standard Crash Report")]. In the report, Officer Phillips listed failure to yield right of way on the part of Mr. Buehler as a factor of the accident. [DE 24 at 2]. Officer Phillips also reported certain statements from the drivers taken during on-scene interviews. [*Id.*]. Defendants included this information in their Statement of Material Facts. [DE 20 at 1–3]. Plaintiff objects to both (1) the admissibility of Officer Phillips' crash report included in Defendants' motion for summary judgment; and (2) Officer Phillips' testimony in the form of an opinion regarding the accident's causal factors as well as any driver statements that may have been a basis in forming that opinion. Plaintiff contends that the report contains improper opinions and inadmissible hearsay.

As explained below, even after largely accepting Defendant's Statement of Material Facts—including the information subject to Plaintiff's Motion to Strike—Defendants' Motion for Summary Judgment will be denied. Plaintiff's Motion to Strike is thus deemed moot.

## IV. SUMMARY JUDGMENT

### a. Factual Background

The following facts are undisputed, except as otherwise noted. On January 26, 2024, John Buehler and Miroslav Kisilyuk were the drivers involved in a two-vehicle accident in La Porte, Indiana. [DE 24 at 1]. The crash occurred at 1:14 a.m. on U.S. Route 20. [DE 20-1 at 49]. Just before the accident, Mr. Buehler's vehicle, a Ram Promaster 3500, was in a restaurant parking lot directly abutting Route 20. [*See id.*]. Directly east of the parking lot is Oak Knoll Road, which forms intersections with the east and westbound lanes of Route 20. [DE 20-1 at 52]. Mr. Buehler faced south in his vehicle, waiting to exit the parking lot and cross the westbound lanes of Route 20. [*Id.*; DE 24 at 1–2]. Meanwhile, Mr. Kisilyuk was traveling west on Route 20 in a semitrailer truck. [DE 20-1 at 19, 49]. Mr. Kisilyuk reported seeing Mr. Buehler's vehicle approach the entrance of Route 20 and begin to pull out of the parking lot. [*Id.* at 49]. According to the crash report, Mr. Kisilyuk believed that Mr. Buehler would stop, but when Mr. Buehler continued to drive across the westbound lanes, Mr. Kisilyuk's semitrailer collided with Mr. Buehler's vehicle. [*Id.*; DE 24 at 2].

Officer Phillips responded to the scene within minutes of the accident and investigated. [DE 20-1 at 49]. Officer Phillips was trained at the Indiana Law

Enforcement Academy to generate crash reports. [DE 20-1 at 8–9]. Officer Phillips' general process for a crash investigation primarily involves assessing the need for road closures, tow trucks, and assessing the vehicles and occupants. [*Id.* at 9–10]. But Officer Phillips is not an accident reconstructionist, nor was any formal accident reconstruction done for this accident. [*Id.* at 14].

Officer Phillips investigated by assessing the physical locations of the vehicles and interviewing Mr. Buehler and Mr. Kisilyuk. [*Id.* at 10–11]. Officer Philips then completed a standard crash report. [DE 20-1 at 50–52]. Officer Phillips reported the statements he took from both drivers, as well as an observation that the road surface was wet. [*Id.*]. At the end of the crash report, under "Factors," Officer Phillips reported no factors on the part of Mr. Kisilyuk. [*See id.* at 51]. Officer Phillips reported "failure to yield right of way" as a factor for Mr. Buehler, however. [*See id.*]. Officer Phillips then diagrammed what he believed to represent the collision as follows:




[*Id.* at 52]. Sergeant Boswell, Officer Phillips' supervisor, who was also on scene at the accident, later reviewed the report for accuracy. [*Id.* at 11–12; DE 24 at 4]. When deposed, Officer Phillips again stated that his investigation revealed no evidence of fault other than by Mr. Buehler. [DE 20-1 at 12].

**b. Summary Judgment Standard**

A court may grant summary judgment "if the pleadings, depositions, . . . [and] affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. A genuine issue of material fact exists when the evidence is such that a reasonable fact finder could find for the nonmoving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253 (1968); Fed. R. Civ. P. 56(e)) (internal citations omitted). Opponents to summary judgment must assert more than some metaphysical doubt as to the material facts. *Scott v. Harris*, 550 U.S. 372, 381 (2007). A party opposing summary judgment must support an assertion that a fact is genuinely disputed by citing to particular materials in the records. Fed. R. Civ. P. 56(c)(1)(A). "If the opposing party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed." Fed. R. Civ. P. 56(e)(2).

"[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts. *Scott*, 550 U.S. at 380 (citing Fed. R. Civ. P. (56(c)). When facts are genuinely disputed, the court draws all legitimate inferences in favor of the non-moving party. *Anderson*, 477 U.S. at 249–51. A court's role is "not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is a material dispute that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

When a party that does not bear the ultimate burden of persuasion moves for summary judgment, they may make a prima facie case for summary judgment in two ways. One is for the moving party to negate an essential element of the nonmoving

party's claim. *Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). The second route is by showing "that there is an absence of evidence to support the nonmoving party's case." *Modrowski*, 712 F.3d at 1167; *Celotex Corp.*, 477 U.S. at 325. Following an "absence of evidence" styled summary judgment motion, if a nonmoving party then fails to present evidence that would permit a fact finder to rule in their favor, the court must enter summary judgment. *Modrowski*, 712 F.3d at 1167 (citing *Waldridge*, 24 F.3d at 920).

**c. Discussion**

Defendants argue that Officer Phillips' report establishes Mr. Kisilyuk's lack of negligence and that Officer Phillips' conclusion that Mr. Buehler failed to yield right of way establishes Mr. Buehler is negligent per se and more than 50% at fault. [DE 20 at 6]. In response Plaintiff does not dispute the fact the Mr. Buehler crossed the highway in front of Mr. Kisilyuk, but Plaintiff disputes the assertions that Mr. Buehler failed to yield right of way. Plaintiff also disputes the validity of Officer Phillips' methods and conclusion regarding fault, contending they are unreliable. [DE 23 at 8; DE 24 at 2].

This dispute is about Defendants' burden to establish that their affirmative defense of comparative fault entitles them to judgment as a matter of law. Despite certain citations in their motion, Defendants' Motion for Summary Judgment is not fashioned as an "absence of evidence" motion. In reciting summary judgment doctrine, Defendants quote *Celotex Corp. v. Catrett* for the rule that a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case" will have summary judgment entered against them. [DE 20 at 3 (quoting *Celotex Corp.*, 477 U.S. at 322)]. This rule, however, does not automatically require a nonmoving party

to present its entire case at summary judgment. For it is always the moving party's responsibility in that circumstance to inform the court "of the basis for its motion" and identify in the record why there is an "absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.

Defendants' argument is titled "The Defendants Established that Buehler Was At Fault for the Accident, Barring The Plaintiff's Claim." [DE 20 at 5]. The crux of their memorandum is dedicated to arguing for their affirmative defense of comparative fault. [*See id.* at 5–6, 3–4]. All of Defendant's record citations, including their assertion that "no evidence of fault for the accident existed on anyone *other* than Buehler," lead back to Officer Phillips' conclusions. [*Id.* at 5]. Those few sparse sentences stating that there is no evidence that Mr. Kisilyuk contributed to causing the accident are embedded within their larger point: that Officer Phillips' report did not attribute any fault to Defendants, but only to Mr. Buehler. [*See id.* at 5–6]. Indeed, the majority of Defendants' Statement of Material Facts is devoted to the qualifications of Officer Phillips. The Statement of Material Facts, in its entirety, contains no clear assertion that Plaintiff lacks the evidence to prove fault. [*See* DE 20 at 1–3]. Although Plaintiff may have better supported its response by filing Additional Material Facts, N.D. Ind. L.R. 56-1(b)(2)(d), that was not necessarily required to resist summary judgment on an affirmative defense.

Instead, the central summary judgment argument between the parties is about the effect (and admissibility) of Officer Phillips' report. Because Defendants bear the burden of proof on their affirmative defense, they seek to establish (1) that Mr. Buehler

is negligent per se and thus presumptively at fault; (2) that Mr. Buehler is more than 50% at fault.

1. Negligence per se

If a plaintiff violates a duty prescribed by statute, they are negligent per se. *Kho v. Pennington*, 875 N.E.2d 208, 212–13 (Ind. 2007). A finding of per se negligence, however, appears to be generally unfit for summary judgment under Indiana law. For instance, to establish negligence per se, the trier of fact must determine whether the statute applies and whether a violation occurred. *Am. United Life Ins. Co. v. Douglas*, 808 N.E.2d 690, 704 (Ind. Ct. App. 2004) (citing *Dawson v. Long*, 546 N.E.2d 1265, 1268 (Ind. Ct. App. 1989)). Also, negligence per se "does not necessarily mean liability *per se*." *Erwin v. Roe*, 928 N.E.2d 609, 616 (Ind. Ct. App. 2010) (citing *Lindsey v. DeGroot*, 898 N.E.2d 1251, 1260 (Ind. Ct. App. 2009)). The violation of a statutory duty is "presumptively an act of negligence," but "the presumption is not conclusive and may be rebutted by showing that the act was justifiable or excusable under the circumstances." *See Stepanek v. Durbin*, 640 N.E.2d 429, 430–31 (Ind. Ct. App. 1994) (approving a proposed jury instruction); *Witham v. Norfolk and W. Ry. Co.*, 561 N.E.2d 484, 486 (Ind. 1990).

Even assuming that Officer Phillips' opinion on failure to yield is admissible and persuasive, under a negligence per se theory, Plaintiff retains the opportunity to rebut the presumption of negligence and attack the validity of Officer Phillips' opinion. Officer Phillips' opinion, along with Plaintiff's own admission that Mr. Buehler crossed the westbound lanes, may make strong evidence at trial to support negligence per se. A jury might very well take that evidence and conclude that Mr. Buehler did not yield the

right of way. But that kind of finding is an inference which is inappropriate for summary judgment. *See* Ind. Model Civ. Jury Inst. 937 (greater weight of evidence determination required for negligence per se); *see Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (court not to weigh evidence, make inferences, or determine credibility at summary judgment); *Anderson*, 477 U.S. at 255 ("drawing of legitimate inferences from the facts are jury functions, not those of judges"). Plaintiff disputes whether Mr. Buehler's actions violated a statutory duty and disputes the validity of Officer Phillips' conclusion. The opinion of one officer, who did not witness the accident itself and did not perform a formal accident reconstruction, is insufficient to establish negligence per se at summary judgment. Because the trier of fact is delegated with the role of determining credibility, the Court cannot weigh the evidence. Fed. R. Civ. P. 56(a).

2. Comparative Fault

Under Indiana law, a plaintiff is barred from recovery if the plaintiff's fault is greater than the fault of all persons who proximately contributed to the plaintiff's damages. Ind. Code § 34-51-2-6. "[A] plaintiff whose contributory fault exceeds 50% of the total fault cannot recover." *Forbes v. Walgreen Co.*, 566 N.E.2d 90, 92 (Ind. Ct. App. 1991). "[Q]uestions of contributory negligence are questions of fact to be determined by the trier of fact except where the facts are undisputed and only a single inference can be drawn therefrom." *Walters v. Dean*, 497 N.E.2d 247, 254 (Ind. Ct. App. 1986) (citing *Pub. Servs. Co. v. Gibbs*, 460 N.E.2d 992 (Ind. Ct. App. 1984)). The same is true for comparative fault. *Id.* Apportionment is "uniquely a question of fact to be decided by the factfinder." *Burton v. Bridwell*, 938 N.E.2d 1, 6 (Ind. Ct. App. 2010) (citing *St. Mary's*

*Med. Ctr. v. Loomis*, 783 N.E.2d 274, 285 (Ind. Ct. App. 2002)). "[A]pportionment of fault may become a question of law for the court" only when there is "no dispute in the evidence and the factfinder is able to come to only one logical conclusion." *Robbins v. McCarthy*, 581 N.E.2d 929, 934 (Ind. Ct. App. 1991) (citing *Walters*, 497 N.E.2d at 254).

Indiana courts have entered summary judgment against plaintiffs because of comparative fault only in limited circumstances. In *Areche v. Indianapolis Dep't of Pub. Works*, the claimant admitted to the statutory violation and there was no apportionment to be made because the defendant was a state agency and thus contributory negligence applied. 264 N.E.3d 84, 89–90 (Ind. Ct. App. 2025); *see also Funston v. Sch. Town of Munster*, 849 N.E.2d 595 (Ind. 2006). As Defendants argue, the Seventh Circuit once affirmed the grant of summary judgment based on the claimant being per se negligent and having greater comparative fault. *Thiele v. Norfolk W. Ry. Co.*, 68 F.3d 179, 184–85 (7th Cir. 1995). The undisputed facts in *Thiele*, however, are of a degree not seen here. In *Thiele*, the claimant was struck by a train and claimed the rail company was negligent for not installing guardrails at the crossing. *Id.* at 181. The undisputed facts in *Thiele*, based on multiple eyewitness accounts, showed the claimant ignored a stop sign at the railroad crossing, drove onto the tracks, and then stopped on the tracks despite the train crew repeatedly sounding the train whistle. *Id.* at 184–85. The approaching train was clearly visible to the claimant and yet his vehicle was still found in the park-gear position. *Id.* at 185. From those facts, the only logical conclusion was that the claimant was per se at fault for ignoring the stop sign and more than 50% responsible. *Id.* The facts here do not amount to leaving a vehicle in park on a railroad.

3. Indiana Code Section 9-21-8-31

Another point bears mentioning as a basis for denying Defendants' Motion for Summary Judgment. Defendants cite Indiana Code Section 9-21-8-31 as the basis for Mr. Buehler's statutory violation. [DE 20 at 5]. This Code Section, however, does not apply here. Section 9-21-8-31 applies to vehicles at the entrance to a "through highway." A "through highway" is a portion of a highway where vehicles "from intersecting highways [are] required by law to yield right-of-way to vehicles on the through highway in obedience to either a stop sign or a yield sign." Ind. Code § 9-13-2-178.

Defendants assert that Mr. Buehler exited a restaurant parking lot, which is not an "intersecting highway." Nor do Defendants contend that a stop sign or yield sign was stationed in the parking lot. [*See* DE 20 at 1–3]. A restaurant parking lot is more like a private driveway. Ind. Code § 9-13-2-135; *See also Spake v. Elkhart*, No. 3:13-CV-722-JD, 2015 WL 893209, at *2 n.2 (N.D. Ind. Mar. 3, 2016) (gas station entrance/exit treated as private driveway). Instead, Section 9-21-8-34 likely applies. Ind. Code § 9-21-8-34 ("Entrance to highway from private road or driveway"). Thus, as a matter of law, Mr. Buehler could not have violated Section 9-21-8-31. *Gilbert v. State*, 411 N.E.2d 155 (Ind. Ct. App. 1980).

Section 9-21-8-31 requires a driver to stop at an entrance and yield to vehicles that "have entered the intersection from the through highway or are approaching so closely on the through highway as to constitute an immediate hazard." *Id.* § 9-21-8-31(a). Once a driver stops, yields, and then begins to enter an intersection, other drivers "approaching" on the through highway are then required to yield to the crossing

vehicle. *Id.* § 9-21-8-31(b). Section 9-21-8-31(b) thus embraces a shifting duty to yield depending on the specific facts. Although Section 9-21-8-34 does not expressly include a shifting duty to yield, it appears to be have been judicially transplanted. *See Greene v. Mauricio*, 279 N.E.2d 814, 824, 820 (Ind. Ct. App. 1972). In *Greene*, the court determined the shifting duty to yield applies when the plaintiff has alleged a failure to keep a lookout, as Plaintiff alleges here. *Id.* at 824. Essentially, if a first driver witnesses, from a distance, another driver ignore a stop sign and begin to enter a highway, the first driver may have to yield the right of way regardless. *Wallace v. Doan*, 292 N.E.2d 820, 824 (Ind. Ct. App. 1973) (discussing and citing the facts of *Standard Oil Co. v. Thomas*, 13 N.E.2d 336 (Ind. Ct. App. 1938)).

Mr. Kisilyuk reported seeing Mr. Buehler begin to exit the parking lot but thought he would stop. There is nothing in the record showing how far away Mr. Kisilyuk's semitrailer was when he saw Mr. Buehler start to pull forward. The crash report states Mr. Kisilyuk was approaching Oak Knoll Road, but approaching vehicles may still need to yield the right of way. *Greene*, 279 N.E.2d at 824; Ind. Code § 9-21-8-34. Defendants argue that Plaintiff's admission that Mr. Buehler began pulling out and was struck is enough to establish negligence per se. That fact is not enough on its own, however. *Wallace*, 292 N.E.2d at 824. Defendants bear the burden of proving their affirmative defense. Ind. Model Civ. Jury Inst. 905. Timing and detailed facts are critical in a case like this. The Court is not equipped with enough undisputed facts to conclude that Plaintiff's admission makes Mr. Buehler per se negligent.

In sum, the Court does not read Section 9-21-8-31 as a basis for negligence per se, as Defendants argued. It is not the Court's responsibility to research and construct the parties' arguments. *Boldt Co. v. Black & Veatch Constr., Inc.*, 181 F.4th 707, 719 (7th Cir. 2026). Thus, the undisputed facts do not entitle Defendants to judgment as a matter of law.

## V. CONCLUSION

Even considering Officer Phillips' opinions and crash report, the undisputed facts do not entitle Defendants to judgment as a matter of law. Fed. R. Civ. P. 56(a). Accordingly, Defendants' Motion for Summary Judgment is **DENIED**. [DE 19]. As summary judgment is denied regardless of the admissibility of this evidence, Plaintiff's Motion to Strike is **DENIED** as moot. [DE 25].

**SO ORDERED** this 24th day of September 2026.

s/Scott J. Frankel
Scott J. Frankel
United States Magistrate Judge